UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, | Case No. 2:25-cv-1471-DAD-JDP (PS) |
| Plaintiff, | |
| v. | ORDER |
| EQUIFAX INFORMATION SERVICES, LLC, | |
| Defendant. | |

Plaintiffs bring this action against Equifax Information Services, LLC. The complaint's allegations are sufficient for screening purposes, and I will direct service on defendant. Plaintiff has also filed a motion to proceed under pseudonym, ECF No. 3, but I will defer ruling on that motion until defendant has had an opportunity to file a response. I will also grant plaintiff's application to proceed *in forma pauperis*, ECF No. 2, which makes the showing required by 28 U.S.C. §§ 1915(a)(1) and (2).

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

1

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

The complaint alleges that plaintiff has been the victim of human trafficking and identify theft. ECF No. 1 at 1. Plaintiff alleges that she has complied with the consumer's requirements under the Fair Credit and Reporting Act, 15 U.S.C. §§ 1681c-3, and that defendant Equifax failed to comply with its requirements. Plaintiff alleges claims under 15 U.S.C. §§ 1681c-3, 1681i, 1681n, and 1681o. ECF No. 1 at 2-3. These allegations are, for screening purposes, sufficient to sustain the claims raised in the complaint.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

2. Service is appropriate on defendant Equifax Information Services, LLC.

3. The Clerk of the Court is directed to issue process and to send plaintiff an instruction

sheet for service of process by the United States Marshal, one USM-285 forms, a summons form, and an endorsed copy of plaintiff's complaint filed May 27, 2025.  ECF No. 1.

4. Within sixty days after this order is served, plaintiffs shall supply the U.S. Marshal all information needed by the Marshal to effect service of process.  The required documents shall be submitted directly to the United States Marshal either by personal delivery or by mail to:  United States Marshals Service, 501 I Street, Suite 5600, Sacramento, CA 95814 (tel. 916-930-2030).  The court anticipates that, to effect service, the U.S. Marshal will require, for each defendant, at least:

   a. One completed summons;

   b. One completed USM-285 form;

   c. One copy of the endorsed complaint, with an extra copy for the U.S. Marshal; and

   d. One copy of the instant order.

5.  In the event the U.S. Marshal is unable, for any reason whatsoever, to effect service on a defendant within ninety days of receiving this order the Marshal is directed to report that fact, and the reasons for it, to the undersigned.

6. Within twenty-one days after submitting the required materials to the United States Marshals Service, plaintiff shall file with this court a declaration stating the date on which plaintiff submitted the required documents to the United States Marshal.  Failure to file the declaration in a timely manner may result in an order imposing appropriate sanctions.

7. Within sixty days after receiving the necessary materials from plaintiff, the United States Marshal is directed to serve process on defendant without prepayment of costs.

8. Plaintiff is cautioned that the failure to comply with this order may result in a recommendation that this action be dismissed.

IT IS SO ORDERED.


Dated: _____June 5, 2025_____            _____
                                          JEREMY D. PETERSON
                                          UNITED STATES MAGISTRATE JUDGE